98  351
184  512

# Butterbaugh's Appeal.

1. The interest and not the principal of a trust fund must bear the expense of administering it.

2. Spangler's Estate, 9 Harris 335, followed.

3. A testator provided by his will that his married daughter's share in his estate should be put to interest, and the same paid to her annually, and that if she outlived her husband, her share should be subject to her immediate use and control, but if she died before her husband that then said share should be paid to her children. A trustee was appointed, who filed an account of the trust during the life of testator's daughter. *Held*, that the expenses and charges incurred in filing said account should be charged to income, not principal.

June 14th 1881.    Before MERCUR, GORDON, PAXSON, TRUN-KEY, STERRETT and GREEN, JJ.    SHARSWOOD, C. J., absent.

Appeal from the decree of the Orphans' Court of *Franklin county:* Of May Term, 1881, No. 131.

This was an appeal from the decree of the said court, directing that the account of John J. Butterbaugh (the appellant) as trustee under the will of Jacob Butterbaugh, deceased, be so stated that certain expenses and charges, paid by the trustee, should be charged to the corpus of the trust fund and not to the annual income.

Jacob Butterbaugh, the testator, by his will, proved April 11th 1871, directed as follows: "It is my will, and I do hereby so direct, that the shares of my daughters, Mary Hollinger and Susan Strock, in my estate, shall be put to interest, and the same paid to the said Mary and Susan, annually. But it is my will, that if their husbands should die before them, then, and in that case, their respective shares shall be subject to their immediate use and control. But in case of the decease of the said Mary Hollinger or Susan Strock, before their husbands, then, and in that event, it is my will, that their respective shares in my estate shall go to their children on their attaining the age of twenty-one years."

The testator appointed no executor or trustee and John J. Butterbaugh was appointed administrator, *c. t. a.* and the Orphans' Court also appointed him trustee under the will. In his account, filed as trustee as to the share of Mary Hollinger, he claimed credit, inter alia, for the following items: Counsel fee, register and clerk, $20.35 ; taxes paid on money at interest,

[Butterbaugh's Appeal.]

$46.01; allowance to accountant, $24; one third costs of audit, $12.77; total, $103.13.   The account was referred to an auditor and upon exceptions to his report, the court, in an opinion by ROWE, P. J., decided, inter alia, as follows:

"The account ought to be so stated that the expenses and charges will come out of the fund, and not out of the annual interest, for Mrs. Mary Hollinger is the primary object of the testator's bounty.   It is in the hands of a trustee only to protect it from the husband.   It is intended that she shall have all possible benefit from the fund, consistent with its being in the hands of a trustee.   She is to have the interest annually without deductions, for the principal is not to be preserved for some one else."

The said items, amounting to $103.13, were accordingly charged against the principal of the trust estate.   The said trustee thereupon took this appeal, assigning for error the decree that the said sum of $103.13, should be paid out of the principal instead of out of the income.

*W. U. Brewer* ( *W. Rush Gillan*, with him), for the appellant.—The trust under the will of Jacob Butterbaugh was not only to protect the estate from the husband of Mrs. Hollinger, but also, in case she should die before her husband, to preserve her share intact for her children.   The charges for administration of the trust and for taxes on money at interest should therefore be paid out of the income.   If such payments be made out of the capital, the latter will be gradually consumed, and the time may come when there may be no fund left, and consequently no annual income.   The children may then claim the whole corpus of the fund and the decree entered in the court below would afford the trustee no protection:   Spangler's Estate, 9 Harris, 335.

*W. F. Patton*, for Mrs. Mary Hollinger, appellee, did not appear, and presented no paper book.

Mr. Justice PAXSON delivered the opinion of the court October 3rd, 1881.

It was held in Spangler's Estate, 9 Harris 335, that the interest and not the principal of a trust fund must bear the expense of administering it.   Were it otherwise, the entire principal might be absorbed in paying the trustee's commissions upon income.   A trustee is entitled to a reasonable compensation for his services as they are rendered, and unless a contrary intention appear, the compensation must come out of the income of the fund in the administration of which it is earned.

[Kramer v. Goodlander.]

The learned judge of the Orphans' Court ordered that the sum of $103.13, composed of an allowance for compensation to the accountant, taxes paid by him, and sundry costs and expenses connected with the filing of the account, and the audit thereof, be paid out of the principal of the fund, upon the ground that the cestui que trust was the primary object of the testator's bounty, and that it was the intent of said testator that she should have "all possible benefit from the fund consistent with its being in the hands of a trustee." The difficulty in this view of the case is that the will of Jacob Butterbaugh expressly provides that in case of the decease of Mary Hollinger, the cestui que trust, before her husband, the share of said Mary in the testator's estate shall go to her children on their attaining the age of twenty-one years. It is her share that is to go to her children upon the contingency referred to; not what may be left of it. Such share cannot be preserved unless the income of the fund is made to bear the cost of its administration. The case does not need elaboration. It is ruled by Spangler's Estate.

> The decree is reversed, and it is now ordered that the aforesaid sum of $103.13, and the costs upon this appeal, be paid by the appellee.