# Penn-Gaskell's Estate (No. 1).

*Taxation—Collateral inheritance tax—Decedent's estates—Trust and trustees.*
Where real estate in trust for a life tenant and remainderman is sold under the Price Act, and the trustee pays the collateral inheritance tax assessed against the life tenant's interest, but does not reimburse himself out of income, he cannot upon the filing of his account claim to be reimbursed out of principal.

*Trust and trustees—Commissions—Sale of real estate—Price Act.*
While as a general rule commissions upon the principal of a trust estate are not allowed until final distribution, an exception to the rule is permitted where it appears that several portions of the real estate constituting the trust estate had been sold from time to time by order of court under the Price Act, that such sales with reinvestments of the proceeds resulted in very large profit to the estate, and at the time the commissions were asked, the trust had continued for many years.

Argued Feb. 8, 1904.   Appeal, No. 142, Jan. T., 1903, by the Pennsylvania Company for Insurance on Lives and Granting Annuities, from decree of O. C. Delaware Co., on exceptions to auditor's report in estate of Eliza Penn-Gaskell, deceased.   Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ.   Reversed in part.

Exceptions to report of Frank B. Rhodes, Esq., auditor.

The opinion of the Supreme Court states the facts.

*Errors assigned* were in dismissing certain exceptions to the auditor's report and in sustaining others.

*John G. Johnson*, for appellant.—The accountant should not have been surcharged with the amount paid by it as collateral inheritance tax upon the life tenant's interest in the real estate sold.

The trustee was entitled to deduct commissions for selling the real estate when the sale was consummated: Thouron's Estate, 182 Pa. 126; Robb's App., 41 Pa. 45; Snyder's App., 54 Pa. 67; Spangler's Est., 21 Pa. 335; Parker's Est., 64 Pa. 307; Callaghan v. Hall, 1 S. & R. 241; Butterbaugh's App., 98 Pa. 351.

*Henry J. Hancock*, of *Hancock, Lewis & Buckley* and *V. Gilpin Robinson*, for appellees.—The life tenant was bound to pay the tax assessed against his interest: Shippen v. Burd, 42 Pa. 461; Com. v. Williams, 13 Pa. 29; Com. v. Smith, 20 Pa. 100; Nienan's Est., 131 Pa. 346; Commonwealth's App., 127 Pa. 435.

The trustee was not entitled to deduct commissions for selling the real estate at the time the sale was consummated: Bosler's Estate, 161 Pa. 457; Mintzer's Estate, 18 Phila. 97; Lloyd's Est., 82 Pa. 143; Hemphill's Appeal, 18 Pa. 303; Perkins's Appeal, 108 Pa. 314; Biddle's Appeal, 83 Pa. 340; Beck's Estate, 5 W. N. C. 274; Sharkey's Appeal, 5 W. N. C. 534; Culbertson's Appeal, 84 Pa. 303; Shivers's Estate, 12 W. N. C. 462; Bell's Estate, 1 W. N. C. 20.

*A. T. Freedley*, with him *William Brooke Rawle*, for Peter Penn-Gaskell Hall, life tenant.

OPINION BY MR. JUSTICE FELL, March 7, 1904:

The accountant, a trustee, sold the real estate of the decedent under proceedings under the act of April 18, 1853, and paid the collateral inheritance tax out of the proceeds of the sale. Of this tax $3,156.73 was assessed on the value of the

interest of the life tenant and $427.43 on the interest of the
remaindermen.    Credit was asked for the whole payment in
the principal account filed, and also for commissions at the
rate of two and a half per cent on the money realized from the
sale.    The auditor disallowed the credit claimed as to the part
of the collateral inheritance tax assessed on the value of the
life tenant's interest, but allowed the credit for commissions.
The orphans' court sustained the finding of the auditor as to
the tax, but surcharged the accountant with the commissions,
not that they were unreasonable but because commissions on
the corpus of a trust estate should not be allowed before the
time of distribution.

The sale of the real estate was made in the interest of all
parties concerned, and the payment of the whole tax by the
trustee became necessary in order to discharge its lien, but we
see no ground on which the whole of the tax could be deducted
from the principal.    Each estate, that for life and that in re-
mainder, was liable for its proportionate part of the tax, and
the allowance of the credit claimed would have thrown the
whole burden on the remaindermen.    If there had not been a
sale, a tax could have been assessed and levied on the life ten-
ant's interest.    The remaindermen would not have been obliged
to pay until the falling in of the life estate.    That a contin-
gency arose requiring the payment of the whole tax did not
affect the rights of the parties.

The duty of a trustee is to preserve the estate and that duty
is not fully performed until the time for distribution is reached
or the trustee's relation to the estate ends.    The rule therefore
is that commissions on the principal of a trust estate will not
be allowed except when the fund is in course of distribution.
While this rule is of general application, it is not a fixed and
unvarying one and will be departed from as in Thouron's Es-
tate, 182 Pa. 126, where the circumstances are unusual, the
trust of long duration, and when the fund has been largely in-
creased by the skilful management of the trustee.    The rule,
however, is such a salutary one that it should be departed from
only in exceptional cases.    In this case the duties of the trus-
tee have been of such an unusual character that the reason for
the rule does not apply.    The decedent died in 1865, leaving
a farm estimated as worth $25,000 and no personal estate that

went to the trustee. The original duties of the trustee were to permit the life tenant "to hold possession of, occupy and enjoy the farm and mansion . . . . without charge." These duties which involved the least degree of care and responsibility were largely increased by subsequent events not contemplated at the time of the acceptance of the trust. In 1880 and again in 1883 parts of the farm were about to be taken by the Pennsylvania Railroad Company under the right of eminent domain; and the trustee in order to obtain a better price secured permission of the court to sell under the act of 1853. The remainder of the property was sold in 1888 in the same way, and the aggregate amount received for the farm was $116,744. Of this amount $19,000 was used in purchasing a house in Philadelphia as a home for the life tenant and his children, the remaindermen. The house was sold two years after its purchase at a profit of $6,000, and another house was purchased for $14,000 which has since increased in value. In order to sell an application was made to the court in each case with notice to all the parties in interest, a reference had to an auditor, and a decree obtained. As a result of the sales and reinvestments the life tenant has in addition to his residence the income of about $100,000 and the estate of the remaindermen has been increased nearly fivefold. Moreover, the services for which commissions were claimed, the sale of the farm, were completed. If they had been performed by an executor who was also a trustee, compensation would have been allowed him. The claim was not for ordinary care and management of an estate but for sales made not under a power in the will but by direction of the court. The duty was fully performed when the conversion was completed, and under the circumstances of this case the credit should have been allowed.

The decree of the court sustaining the exception to the allowance of commissions is reversed, and the auditor's report is affirmed at the cost of the appellee.