## Burkhart's Estate.

*Taxation—Collateral inheritance tax—Decedent's estates—Appraisement—Auditor—Costs—Act of May 6, 1887, P. L. 79.*

Where an appraisement for collateral tax purposes is of the property as a whole, without any separate valuation of an annuity, or the land on which it is charged, or a life estate in other property, and a remainder expectant thereon, and there is no legacy "upon a condition or contingency," the orphans' court has no authority to appoint an auditor to apportion the collateral tax. If it does so, and the auditor's apportionment is allowed to stand as the proper appraisement, the costs of the audit and the appeal therefrom will be charged upon the collaterals through whose neglect the proper appraisement was not made, and not upon the commonwealth.

Argued March 15, 1904. Appeal, No. 21, March T., 1904, by H. N. Bowman, from decree of O. C. Cumberland Co., dismissing exceptions to auditor's report in estate of John M. Burkhart. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Exceptions to report of F. E. Beltzhoover, Esq., auditor. The opinion of the Superior Court states the case.

*Errors assigned* were (1) in appointing an auditor to make the apportionment; (2) in imposing the costs of the audit upon the commonwealth.

*C. S. Brinton*, of *Rupley & Brinton*, with him *W. F. Sadler*, for appellant.—The rule is that costs of a litigation must be borne by the party who induces it, or is responsible for it: Bedell's App., 87 Pa. 510 ; Large v. Davis, 12 W. N. C. 33 ; Lowenstein v. Biernbaum, 14 Phila. 199 ; Moore v. Porter, 13 S. & R. 100 ; Evans's Est., 155 Pa. 646 ; Smith v. Smith, 4 Paige, 271 ; Wood v. Vandenburgh, 6 Paige, 277 ; Chipman v. Montgomery, 4 Hun, 739.

*J. Harvey Line*, with him *Robert McCachran*, for appellee.— Tax laws are construed most strongly against the government and most favorably to the taxpayer : Del Busto's Est., 6 Pa. C. C. Rep. 289 ; U. S. v. Watts, 1 Bond, 580.

The collateral inheritance tax cannot exceed five per cent upon the whole estate: King's Estate, 11 Phila. 26.

Costs in equity are always in the discretion of the chancellor, and it is only when there is a clear abuse of this discretion, that the Supreme Court will interfere: Penna. Co. v. Phila. Nat. Bank, 195 Pa. 34; Silverstein v. Cohen, 9 Kulp, 282; Lusk's Est., 150 Pa. 517; Grim v. Walbert, 155 Pa. 147; Pile v. Pedrick, 167 Pa. 296.

OPINION BY SMITH, J., July 28, 1904:

The error in this case began with the appraisement. Section 12 of the Act of May 6, 1887, P. L. 79, directing the appointment of appraisers "to fix the value of estates subject to collateral inheritance tax," provides that "it shall be the duty of such appraiser to make a fair and conscionable appraisement of such estates, and it shall further be the duty of such appraiser to assess and fix the cash value of all annuities and life estates growing out of such estates." In the case before us, the appraiser merely made an appraisement, in gross, of the property subject to the tax. This is sufficient when an absolute estate in the property is given. But it is not a compliance with the directions of the statute as to annuities, particular estates, and remainders, since it furnishes no valuation of those on which the tax may be levied. Here there is an annuity, a fee on which this is charged, a life estate in other property, and a remainder expectant thereon. It was the duty of the appraiser to assess each of these interests at its cash value. Had this been done, the tax could have been levied upon each, without further proceedings. But the appraisement failed to fix the value of any of the estates subject to the tax; in view of the statutory provisions, it was in effect no appraisement at all. The register, instead of receiving it, should have required the appraiser to perform his duties in accordance with the statute; and exceptions by the executor or a party in interest might have led to this.

There was neither necessity nor authority of law for an application to the court to apportion the tax. An appraisement, such as the law directs, would have apportioned it. Section 6 of the act of 1887 provides for an application to the court only when a legacy, other than money, is given for a limited period

"upon a condition or contingency." If in such case a question of fact arises, respecting the operation of the condition or contingency, it may properly be referred to an auditor; if only a question of law is involved, this is to be determined by the court without such reference. In the present case, however, there is neither a condition nor a contingency annexed to any devise or bequest, or affecting any estate given. If any question existed respecting the estate given to the Tressler Orphans' Home, it was purely a legal one, turning on the construction of the testator's language, and required no reference to an auditor. It is not necessary for the purposes of the case in hand to decide whether this language imports an absolute estate, a limitation in trust, or an estate on condition subsequent. By acceptance of the devise, a fee, with all its incidents, became vested in the devisee; and its character as such, with respect to the collateral inheritance tax, is not affected by any trust with which it may have been clothed, or any liability to forfeiture through nonperformance of a condition subsequent or of duties arising from a limitation in trust. Should the orphans' home fail to carry out the purpose for which it is chartered, the remedy rests with the commonwealth; but a mere possibility of such default in the future is not a contingency that can affect the present character of the fee vested by the devise.

Nevertheless, since the appraisement that should have been made by the appraiser had been made by the auditor, we have decided to let it stand as the appraisement required in the case, and direct payment to the commonwealth of the taxes as there apportioned. There is, however, no ground for charging the commonwealth with the expense of an unnecessary audit undertaken at the instance of others. While it is contended that collaterals are entitled to ninety-five per cent of the clear value of the estates devised or bequeathed to them, the right of the commonwealth to five per cent, of this value, less the appraiser's charges, is incontestable. That the collaterals here must receive less than ninety-five per cent is due to their neglect to take the requisite steps to have an appraisement made in conformity with the statute, by which the clear value of the estates given them would have been ascertained at the cost of the commonwealth. They are properly chargeable with the expense of

514, (1904).]                    Opinion of the Court.

the audit resorted to as a substitute for the appraisement directed by law; and the register, whose failure to require the appraiser to perform his duties opened the way to the subsequent errors in the case, is properly chargeable, as appellant, with the costs of this appeal.

The decree is reversed; the expenses of the audit to be paid by the beneficiaries under the will, in proportion to the value of their estates as appraised by the auditor; the taxes to be paid to the commonwealth upon said appraisement, as apportioned by the auditor; and the costs of this appeal to be paid by the appellant.