# Crawford's Estate.

*Trusts and trustees—Costs of administration—Expense of bond for substituted trustee.*

Where a will creating a testamentary trust provides that there shall always be two trustees until the trust is ended, and one of the trustees dies and a substituted trustee is appointed in his place, the expense of the bond of the substituted trustee to be payable out of a decree of the O. C. determining income and not from the principal of the trust estate will not be disturbed.

Argued Nov. 22, 1915. Appeal, No. 106, Oct. T., 1915, by Alexander L. Crawford, from decree of O. C. Philadelphia Co., Jan. T., 1909, No. 285, dismissing exceptions to adjudication in Estate of Alexander L. Crawford, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to adjudication.

LAMORELLE, J., stated the facts to be as follows:

Alexander L. Crawford, who died in 1908, bequeathed and devised his residuary estate unto his executors, in trust, to pay certain annuities, and the rest of the in-

come to his grandson, Alexander L. Crawford, for life, and upon his death, out of the principal, $30,000 to his wife and all else to such children and the issue of those deceased as should survive him. In event that he died without issue, $15,000 was given to named charitable institutions, and the residue among certain nieces and nephews then living. He appointed Henry B. Bartow and Northern Trust Company executors of his will. They duly qualified. By codicil, testator provided that the executors and trustees should be two in number until the estate was fully settled and the trusts ended. Henry B. Bartow, one of the executors, died March 2, 1914, and, on the application of the grandson, Alexander L. Crawford, Jr., William Clarke Mason was appointed executor and trustee in his place and stead. Security in the sum of $750,000 was ordered, and a bond in this amount has been filed.

The estate amounts to upwards of $500,000, and, subject to the payment of two annuities, of $3,000 and $400, respectively, Alexander L. Crawford receives all of the income. The amount just released to him, because of an illegal accumulation, aggregates $93,000.

The questions before us, raised on exceptions, are whether he should pay the premium on the bond of the trustee whom he himself chose, as well as the counsel fees in the matter of the appointment of the new trustee and of guardians ad litem for his children, or whether these expenses should be borne by his children, if they survive him, or by the nieces and nephews of testator, if the children do not.

The auditing judge was of opinion that, giving due weight to all the surrounding circumstances, these charges should come out of income.

The court dismissed the exceptions to the adjudication.

*Error assigned* was in dismissing exceptions to adjudication.

329, (1916).]   Arguments—Opinion of the Court.

*Franklin Spencer Edmonds,* with him *Howard Schell Baker,* for appellants, cited: Spangler's Est., 21 Pa. 335; Butterbaugh's App., 98 Pa. 351; Penn-Gaskell's Est., 208 Pa. 346; Boyer v. Chauncey, 12 Pa. Superior Ct. 526; Kidder's Est., 3 Kulp 443; Robinson's Est., 9 Dist. 379; Miller's Est., 12 Dist. Rep. 719.

*James F. Hagen,* with him *Wm. Henry Snyder,* for appellee, cited: Spangler's Est., 21 Pa. 335; Butterbaugh's App., 98 Pa. 351.

OPINION BY HEAD, J., March 1, 1916:

We are not persuaded that the Orphans' Court erred in making the order complained of. The expense of the bond provided by the substituted trustee is security for those who survived the cestui que trust, and take the principal estate, but it is also security to the cestui que trust, and is made necessary in the administration of the life estate as well as in the safeguarding of the interests of those who succeed to the fund. Generally speaking, the interest and not the principal of a trust fund must bear the expense of administering it: Spangler's Est., 21 Pa. 335; Butterbaugh's App., 98 Pa. 351. The substituted trustee held the fund as well for the cestui que trust as for his children or the other possible legatees. The income from the estate is large and there is nothing in the will to show that the testator intended to charge the principal with any of the costs of administration. The cases in which the premiums were paid by trustees in the purchase of securities have no bearing on the question before us. The premium is a part of the cost of the obligation. It is the conversion of the estate from one form into another and is in no sense cost of administration. It is the expectation of the investor that the value of the security will continue, in which case there is no loss, or the premium is paid because of the greater security which the obligation affords to the estate. Circumstances may exist where on equitable

principles a division of expenses should be made, but we are not convinced that an error was committed in this case.

The decree is, therefore, affirmed.

