# Crawford's Estate.

*Decedents' estates—Trusts and trustees—Expenses—Premium on bond.*

The premium paid by a trustee to a surety company for becoming surety on the bond, which the trustee is required by law or order of court to file, is a proper administration expense, and like other such expenses, is chargeable against the income, not the principal, of the trust fund.

Argued Jan. 15, 1917. Appeal, No. 180, Jan. T., 1916, by Alexander L. Crawford, from decree of Superior Court, affirming decree of O. C. Philadelphia Co., Jan. T., 1909, No. 285, dismissing exceptions to adjudication, in estate of Alexander L. Crawford, deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

1917.]    Assignment of Error—Opinion of the Court.

Appeal from the Superior Court.

The facts appear in Crawford's Est., 62 Pa. Superior Ct. 329, and in the opinion of the Supreme Court.

The Superior Court affirmed the decree of the Orphans' Court. Alexander L. Crawford appealed.

*Error assigned* was the decree of the Superior Court.

*Franklin Spencer Edmonds,* with him *Howard Schell Baker,* for appellants.

*James F. Hagen,* with him *Wm. Henry Snyder,* for appellee.

PER CURIAM, February 19, 1917:

Part of the lawful expense incurred in the execution of any trust is the sum paid by the trustee to a surety company for becoming surety on the bond which he is required to give by law or by order of court: Act of June 24, 1895, P. L. 248; Clark's Est., 195 Pa. 520. The general rule is that the income, and not the principal, of a trust fund must bear the expense of administering: Spangler's Est., 21 Pa. 335; Butterbaugh's App., 98 Pa. 351. There is nothing in the case before us to take it out of this rule, and the decree of the Superior Court is affirmed, at appellant's costs.