Robinson, J.
The Cleveland Trust Company, as trustee under a trust agreement and executor under the will of Samuel T. Wellman, deceased, seeks the direction of the court as to the source from which it is to pay the inheritance tax due upon the succession of the estate, and as to its duty to reimburse the estate by collection from the beneficial successors thereto; the value of the various estates in succession and the amount of tax due thereon having been determined "by the probate court of Cuyahoga county.
*272 Both the will and the trust agreement being silent upon the subject, the interpretation of the Ohio inheritance tax act is involved.
When we read Sections 5336, 5337, 5343, and 5344-., G-eneral Code, and undertake to reconcile such passages therein as quoted below, we are forced to the conclusion that these sections need legislative revision and clarification rather than judicial construction:
“Taxes levied under this subdivision of this chapter shall be due and payable at the time of the succession, except as herein otherwise provided, but in no case prior to the death of the decedent.
“Such taxes shall be and remain a lien upon the property passing until paid, and the successor and the executors or administrators of the general estate of the decedent, and the trustees of such property shall be personally liable for all such taxes, with interest as hereinafter provided, until they shall have been paid as hereinafter directed.
“Such an administrator, executor or trustee, having in charge or in trust for distribution any property the succession to which is subject to such taxes, shall deduct the taxes therefrom, or collect the same from the person entitled thereto. He shall not deliver, or be compelled to deliver, any specific legacy or property, the succession to which is subject to said taxes, to any person, until he shall have collected the taxes thereon.
“He may sell so much of the estate of the decedent as will enable him to pay said taxes in like manner as he would be empowered to do for the payment of the debts of the decedent.”
*273 “If a legacy subject to such taxes is charged upon or payable out of real estate, the heir or devisee, before paying it, shall deduct the taxes therefrom and pay such taxes to the executor, administrator or trustee, and the taxes shall remain a charge upon the real estate until it is paid. * * *
“If such legacy shall be given in money to a person for a limited period, such administrator, executor or trustee shall retain the tax on the whole amount; and if it be not in money he shall make an application to the court having jurisdiction of his accounts to make [an] ascertainment, if the case require it, of the sum to be paid into his hands by such legatee on account of the taxes, and for such further order as the case may require.”
“When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon such successions at the highest rate which, on the happening of any such contingencies or conditions, would be possible under the provisions of this subdivision of this chapter, and such taxes shall be due and payable forthwith out of the property passing, and the probate court shall enter a temporary order determining the amount of such taxes in accordance with this section; but on the happening of any contingency whereby the said property, or any part thereof, passes so that such ultimate succession would be exempt from taxation under the provisions of this subdivision of this chapter, or taxable at a rate less than that so imposed and paid, the successor shall be entitled to a refunder. * * *”
*274 “Estates in expectancy which are contingent or defeasible, and in which proceedings for the determination of the taxes have not been taken, or have been held in abeyance, shall be appraised at their full undiminished value, when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates. * * *”
However, the rights of the parties hereto have arisen under the act as it is rather than as it ought to be, and the power of this court in respect to clarification does not extend beyond construction.
The purpose of the Legislature to require the payment of the inheritance tax in any event by some one is apparent, but, having provided for the accomplishment of that purpose,' it would seem that it did not give to the subject of t¿ie apportionment of the tax between the successions that consideration which it requires.
That it was the intention that the payment should be due at the time of the vesting of the estate is made clear by the provision that the taxes levied under this subdivision shall be due and payable at the time of the succession; by the provision which makes the executor, administrator, or trustee personally liable therefor; by the provision requiring him to deduct the taxes or collect them from the person entitled to the succession and forbidding the delivery of specific legacies or property until he shall have collected the taxes thereon; by the provision, “He may sell so much of the estate of the decedent as will enable him to pay said taxes in like manner as he would be empowered to do for the *275 payment of the debts of the decedent;” and by the provision, “Such taxes shall be due and payable forthwith out of the property passing.”
But it seems equally clear that the successor is ultimately liable for the payment of the taxes, for he, too, is made personally liable for such payment. Provision is made for the deduction of the taxes by the executor, administrator, or trustee from the property passing to him. The duty is imposed upon him, where he takes an estate upon which a legacy is charged, to deduct the taxes before payment of the charge. Provision is made requiring the administrator, executor, or trustee to collect from the recipient of a legacy for a limited period the sum to be paid on account of the taxes. Provision is made that on the happening of any contingency whereby the property passes in such way that the ultimate succession would be exempt from taxation, or taxed at a lower rate, the refunder of taxes theretofore paid by the executor, administrator, or trustee shall ,be made to the successor to the property, and not to the administrator, executor, or trustee; and provision is made for the payment by the beneficiary, without diminution for or on account of any valuation theretofore made of the particular estate, upon his coming into the estate, where proceedings for the determination of the taxes thereon have not theretofore been taken or have been held in abeyance.
These various provisions would warrant the construction that both the primary and ultimate liability to pay the taxes was upon the respective beneficiaries, and that the liability imposed upon the administrator, executor, or trustee was imposed for *276 the purpose of insuring his performance of his duty in the collection of the tax from the various beneficiaries, and could the act be made to work in such way as to secure payment of the taxes by the beneficiary forthwith out of the property passing, we would hold to such effect. But where an estate is entailed, or placed in trust for successive beneficiaries, as was the estate in the case under consideration, the last successor probably is not now in being, and the final succession may not occur for nearly a century. Collection from such successor could only be made by a sale of the estate of such successor, the value of which to a present purchaser would be so negligible as to make its sale either impossible or at a price which would wholly defeat the trust.
The courts of other states confronted by similar statutes — for the inheritance tax acts of the various states have many provisions in common — have from expediency rather than logic construed similar legislation to authorize the immediate payment of the tax out of the corpus of the estate passing, and have not required reimbursement of the principal from the income except where the beneficiary receives a definite legacy payable at once or in installments, the amount and payment of which is not dependent upon the earnings of the estate.
The provisions of our inheritance tax act in reference to the payment of an inheritance tax are substantially the same as the provisions of the inheritance tax act of New York, and our inheritance tax act probably was modeled after the New York act. The court of last resort of that state, confronted by a situation similar to that which confronts this *277 court, construed the statutes of New York as requiring the payment of the taxes upon trust estates and estates for life and in remainder out of the corpus of the estate.
In In re Tracy et al., Exrs., 179 N. Y., 501, 72 N. E. Rep., 519, that court held:
“Under the provisions of the Taxable Transfer Law, relating to the appraisal of property subject to transfer taxes (Tax Law, Section 230), * * * the transfer taxes, computed as therein directed, and imposed upon trust estates and estates for life and in remainder, created by will, are to be paid from the principal of such trusts and life estates. ’ ’
Section 230, supra, in so far as applicable to the question here under consideration, reads:
“When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred.”
That provisión corresponds with our Section 5343:
“When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon such successions at the highest rate which, on the happening of *278 any such, contingencies or conditions, would be possible under the provisions of this subdivision of this chapter, and such taxes shall be due and payable forthwith out of the property passing.”
In its opinion, at page 509, of 179 N. Y., at page 521 of 72 N. E. Rep., the New York court said:
“In the case at bar it is the duty of the executors and trustees to ascertain the value of the respective life estates and estates in remainder in the manner pointed out by section 230; and, having done this, they should compute the transfer tax and pay the same forthwith out of the property transferred. The result is that the life tenant loses, during the continuance of his estate, the interest upon the corpus of the trust so paid out, and eventually the remainderman receives his estate diminished by the amount of said payment. Whether this mode of taxation works out exact justice as between the life tenant and the remainderman is a question with which the court is not concerned. As we read the statute, the legislative intention is clear that the transfer tax shall be paid out of the corpus of the trust estates, and not out of the income.”
In In re Estate of Zborowski, 213 N. Y., 109, 107 N. E. Rep., 44, the court held:
“By the statute relating to and regulating transfer taxes upon the estates of decedents (Consol. Laws, c. 60, § 230) a tax is imposed on all transfers immediately upon the death of the transferror regardless of the fact that particular transfers may be of contingent estates in remainder, which may not ultimately be taxed at all.”
*279 In the case of Title Guarantee & Trust Co. v. Lohrke, 102 Atl. Rep., 660, the Chancery Court of New Jersey held:
“Where a testator gave his residuary estate to his executors in trust to pay the entire net income to his widow for life, with remainder to his children, the inheritance tax on the life estate of the widow was payable out of the corpus of the trust fund,”
In the case of In re Diehl Estate, 88 N. J. Eq., 310, 102 Atl. Rep., 738, the court held:
“A transfer tax on a life estate is payable from the estate’s corpus, and not from the income, under Transfer Tax Act (4 Comp. St. 1910, 5301 et seq.), making the tax payable upon the testator’s death,” etc.
And in the opinion that court said:
“The statute does not in express terms state by whom or from what source the payment of this tax is to be made, and it is only by keeping in view the nature and object of the tax that we can find a satisfactory answer to the question.
“It is reasonable to assume that it was the legislative intent to make this source of state income definite and certain, and that it was not intended that the payment of the tax should be delayed or defeated by any contingency. By section 2 it is directed that ‘the whole of said property, so transferred as aforesaid, shall be appraised immediately at its clear market value. ’ This section differs from the New York Transfer Act (Consol. Laws N. Y. c. 60, §§ 220-245), on which our act is modeled, in that it does not state, as the New York law does, that the tax so imposed shall be payable out of the *280 property transferred. And yet this provision must be read into the act if the taxes imposed by it on estates for life are to be collected. As stated, the act requires the taxes imposed to be paid at once, and makes the executor personally responsible for the payment of the same. In the absence of a voluntary payment by the life tenant, the only source from which the executor can obtain the funds for payment of such taxes is from the property transferred.”
In the case of Minot v. Winthrop, 162 Mass., 113, 38 N. E. Rep., 512, 26 L. R. A., 259, it was held:
“The provisions of Section 2 of St. 1891, c. 425, entitled ‘An act imposing a tax on collateral legacies and successions, ’ to the effect that, where property is bequeathed to a direct heir for life or for a term of years, and the remainder to a collateral heir or to a stranger to the blood, the value of the prior estate shall be appraised and deducted from the appraised value of the property, and the remainder shall be subject to a specified tax, contemplate that the tax shall be computed and deducted from the principal sum and paid over to the treasurer of the commonwealth, under Section 4, ‘at the expiration of two years from the date’ of the executor’s bond, or when the legacy is paid, if paid within the two years; and the amount of the loss of the income of the tenant for life or for years caused by the diminution of the principal of the fund is not to be made up to him out of the principal or out of the general funds of the estate.”
A contrary holding was made by the Supreme Court of Pennsylvania in In re Penn-Gaskell’s Estate, 208 Pa., 342, 57 Atl. Rep., 714, and also in *281 In re Brown’s Estate, 208 Pa., 161, 57 Atl. Rep., 360.
Those cases, however, are in conflict with the New Jersey cases rather than with the New York cases, by reason of the fact that the Pennsylvania statute contains no provision corresponding with the provision of the Ohio Code that “such taxes shall be due and payable forthwith out of the property passing,” and the provision of the New York statute that ‘ ‘ such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred.”
It would seem, therefore, that other courts having under consideration inheritance tax statutes similar to ours have been able to interpret the indefinite and seemingly irreconcilable provisions thereof to clearly authorize the payment of the inheritance tax by the executor or trustee out of the corpus of the estate, and that, in the absence of any provision of the will, or of the trust agreement, requiring the reimbursing of the principal from income, no such reimbursement can be required by the executor or trustee, the theory being, in cases such as the one here under consideration, where the beneficiaries generally during the life of the trust receive the income in succession, that as between them the reduction of the principal will proportionately reduce the income to each beneficiary in succession, and that as to the remainderman it was the intention that his estate should come to him diminished by the amount of the inheritance tax.
With respect, however, to annuities, the same courts have held that, while the statute contemplates the payment of the inheritance tax by the *282 executor or trustee out of the corpus of the estate, by reason of the fact that the annuity is definite, and not dependable upon the size or the earnings of the corpus, the annuitant should reimburse the corpus of the estate out of the annuities received. There being no provision for reimbursement, in some jurisdictions the reimbursement is made out of the first annuity or annuities payable. In other jurisdictions, as was done by the court below, the expectancy of life of the annuitant was ascertained by the mortality tables in use by the superintendent of insurance, and the repayment was amortized by deducting from each annuity a fractional part of the tax paid, ascertained by dividing the total sum paid by the number of years of the expectancy. This plan seems to work equity as nearly as can be done, allhough it must be conceded it is somewhat arbitrary.
In view, however, of the ambiguous provisions of the inheritance tax law, and the necessity of placing upon it an interpretation which will make it workable, we are constrained by necessity rather than by logic to adopt the interpretation enunciated by the Court of Appeals of New York and affirm the judgment of the court below, expressing, however, opinion that the Legislature might well consider the subject of harmonizing and clarifying the various provisions of the Ohio inheritance tax law.

Judgment affirmed.

Marshall, C. J., Wanamaker, Jones, Matthias and Day, JJ., concur.