## Arata's Estate.

*Trustees' commissions—Statute of limitations.*

1. The statute of limitations operates as a bar to commissions on income paid more than six years before the accounting; the relation of the parties becomes *quoad* the amount so paid merely that of debtor and creditor.

*Trustees' commissions—Waiver.*

2. Where trustees pay over the entire income of the fund to the *cestui que trust* without any deduction for commissions, the inference arises that they have waived all claims thereto.

*Trustees' commissions—Unconverted real estate.*

3. Commissions will not be allowed trustees on the assessed value of unconverted real estate.

*Commissions—Compensation of deceased trustee.*

4. Upon the death of a trustee during the running of the trust, compensation may be awarded to his estate upon proof of services rendered out of the ordinary.

*Trusts and trustees—Accounts—Apportioning charges to principal and income—Triennial accounts—Accounts filed because of the death of trustee.*

5. In triennial accounts, the costs of accounting are charged against the income because the account is primarily for the information of the life-tenant; but where the account is filed because of the death of the trustee, it is for the benefit of the remaindermen that the estate of the deceased trustee shall not be discharged until the assets are duly accounted for, while it is also desirable, where no accounting has been had for many years, that the life-tenant shall have information in regard to the estate. Under such circumstances, therefore, counsel fees and other expenses will be equally divided between the life-tenant and the remaindermen.

*Trusts and trustees—Exceptions—Executor of deceased trustee.*

6. Where costs incurred by reason of the accounting by the executor of a deceased trustee have been apportioned between the life-tenant and the remaindermen, the executor of the deceased trustee, being a mere stakeholder, has no standing to except.

*Trusts and trustees—Duty of executor of deceased trustee who assumes management of trust fund to account.*

7. Where the executor of a deceased trustee assumes the management of the trust estate, he may be required to account in the Orphans' Court.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1903, No. 333.

*C. D. Holden,* for exceptions.

*William F. Scheufele* and *Thomas J. Minnick, Jr.,* contra.

HENDERSON, J., Jan. 28, 1926.—This account has been filed by the executrix of the deceased trustee. When the executors' account was before the court, he took no commissions, and for twenty years he managed the trust, paid over to his wife and her sister—the only beneficiaries—the entire income, without any deduction for commissions, and the exceptants now claim that they should be allowed for the whole period of the trust. The Auditing Judge awarded them for the last six years, as this much was conceded by counsel under the ruling in Horwitz's Estate, 7 Dist. R. 179, and Hess's Estate, 11 Dist. R. 397. Under the facts and course of dealing, the Auditing Judge might readily have found that the deceased trustee had waived all commissions. Exceptions 1, 2 and 4 are dismissed.

A claim was made for 3 per cent. commissions on the assessed value of unconverted real estate. No authority is quoted for this demand. Upon the death of a trustee during the running of a trust, compensation may be awarded to the estate of the deceased trustee upon proof of services rendered out of the ordinary. See Thouron's Estate, 182 Pa. 126; Penn-Gaskell's

Estate, 208 Pa. 342. In the absence of such proof, we must assume there were no such services. Exception 3 is dismissed.

In the account as filed, costs of filing and affidavit to the account were charged against income. The Auditing Judge has charged them against principal. The 5th exception challenges this action.

The counsel fee of $350 was charged, in the account as filed, to the income account, and the Auditing Judge has transferred one-half of this fee to the principal account. The 6th exception challenges this action.

In triennial accounts, the costs of the accounting are charged against income, because the account is primarily for the information of the life-tenant; while here the account is filed because of the death of the trustee, and it is for the benefit of the remaindermen that the estate of the deceased trustee shall not be discharged until the assets are duly accounted for; and it also appears that no accounting had been had in this trust for twenty years, and it is, therefore, desirable for the information of the life-tenants that one should be filed. For these reasons, we are of opinion that all of these costs should be divided equally between the accounts, and that will be doing equity as between the life-tenants and the remaindermen. In Crawford's Estate, 62 Pa. Superior Ct. 329 (affirmed, 256 Pa. 504), Judge Head said: "Circumstances may exist where, on equitable principles, a division of expenses should be made."

The adjudication is modified accordingly and the 5th and 6th exceptions are dismissed.

It should be pointed out, furthermore, that only the succeeding trustee or remaindermen had a standing to raise this question; the executor of a deceased trustee is a mere stakeholder and has no such right. See Farrell's Estate, 1 D. & C. 128, and Correll's Account, 283 Pa. 277.

The late trustee had invested some of the funds in a judgment given by one of the beneficiaries—Mrs. Henry. The Auditing Judge surcharged the estate of the deceased trustee with this investment and directed that the estate of the deceased trustee should not be discharged until this surcharge was collected and legally invested. The latter direction was an inadvertence; the adjudication is modified by striking out the direction for the legal investment of this fund. That duty belongs to the succeeding trustee.

The 8th exception is to the finding and adjudging that "Counsel state that since the death of the trustee his widow has been collecting the rent and making disbursements as to the management of the real estate. A supplemental account should be filed with the Auditing Judge, bringing the management of the estate down to date."

Counsel in his brief states he does not remember so stating, and that the executrix of a deceased trustee cannot be compelled to account for anything after the death of the trustee.

The record of the audit shows that the Auditing Judge asked, "Who has been handling it (the trust estate)?" and Mr. Holden replied: "The executor of the deceased trustee."

When the exceptant admitted managing the estate after the death of the trustee, the jurisdiction of this court may reach out and seize hold of assets belonging to the trust. There being no dispute as to the title, this court may follow trust assets into the hands of strangers and compel their surrender. See Wills's Appeal, 9 Pa. 103; Brooke's Appeal, 102 Pa. 150, and Savings Bank's Appeal, 123 Pa. 356. The 8th exception is dismissed.

The 10th exception complains of the award of income, and it is argued the account shows no balance of income. The account, as filed, shows net income

of $12,518.05 for distribution.  It is true that there is a distribution account annexed disposing of this balance, but such a distribution account is subject to the direction of the Auditing Judge and must be confirmed by him.

The remaining exceptions raise the same objections from other angles; all exceptions are dismissed and the adjudication, as modified above, is confirmed absolutely.

THOMPSON, J., did not sit.