## In Re: Estate of T. I. Crane, Archbald, Jr., Appellant.

Argued March 17, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-RIGE, STADTFELD and JAMES, JJ.

*Robert W. Archbald, Jr.*, for appellant.—The "normal" state inheritance tax as to life estates is payable out of the income of the life estate: Burkhart's Estate, 25 Pa. Superior Ct. 514; Montgomery's Estate, 63 Pa. Superior Ct. 318, and Constable's Estate, 299 Pa. 509.

*J. Edgar Wilkinson* of *Acker, Manning & Brown,* for appellee.

OPINION BY BALDRIGE, J., April 25, 1933:

These appeals are from the refusal of the orphans' court to award the income of life tenants to the principal of an estate, in order to reimburse the principal for inheritance taxes advanced on behalf of the life tenants.

Theron I. Crane died November 2, 1929, leaving his last will, wherein he bequeathed certain specific legacies, amounting to $44,781, and gave an annuity of $1,000 to Annie M. Staniford, to be paid from the residuary estate, for the period of her life, and devised and bequeathed the residue of his estate to executors, in trust, to pay the income to his wife, Charlotte West Crane, and, at her death, to divide the principal into four equal parts and pay, for life, the income from one-fourth share to his sister, Caroline C. Haines; the income from one-fourth to his nephew, Edward C. McKinney; the income from one-fourth to his grandniece, Mary Patricia Crane; and the income from the remaining one-fourth to his niece, Madeline Clark Goetze. The remaindermen in each trust are the issue of the life tenants, with gifts over in default of issue. The only prospective remainderman in existence is Edward W. McKinney, Jr., a minor, the son of a life tenant, for whom Robert C. Archbald, Jr., is guardian ad litem, and in whose behalf, as well as for unascertained remaindermen, these appeals were taken. The widow elected to take against the will, and was awarded $1,834,274.56, one-half of the net estate. The other half of the principal was divided into four trusts, from which the respective life tenants will receive the income.

The executors were directed to retain $68,353.79 and

$350,000 from the principal to pay federal and state taxes. These taxes were paid as follows:

Federal estate tax                  $60,886.17
Pennsylvania "normal tax"        220,112.95
Additional Pennsylvania tax under the
      Act of May 16, 1929, P. L. 1782      24,790.23

Of the above "normal tax", $99,791.12 was paid on life estates, and $79,158.25 on remainders' interest, or a total of $178,949.37. There remains $175,008.55 principal and $14,448.43 income. A second account was filed by the executors covering the disposition of these funds.

From the income accrued and collected to August 28, 1931, $1,709.79 was awarded to each life tenant. The appellant contends that the income awarded to the life tenants should have been assigned to the principal for the tax paid; or, in other words, that they should be required to reimburse the principal on account of the normal tax of $178,949.37 assessed on the estate.

There is no dispute as to the payment of the federal tax of $60,886.17, or the "additional" Pennsylvania tax of $24,790.23 under the Act of 1929. They are "estate" taxes and must be paid out of the general funds of the estate. See Newton's Est., 74 Pa. Superior Ct. 361.

In "tax-free" wills, as here, our courts have held that "each estate, that for life and that in remainder, was liable for its proportionate part of the tax": Penn-Gaskell's Est., 208 Pa. 342, 344, 57 A. 714. The Act of June 20, 1919, P. L. 521, Art. II, §10, (72 PS §2321), provides that an appraisement shall be made of life estates, and that taxes imposed shall be immediately payable out of the estate: Burkhart's Est., 25 Pa. Superior Ct. 514; Montgomery's Est., 63 Pa. Superior Ct. 318; Constable's Est., 299 Pa. 509, 149 A. 743. The life tenant, however, is not personally

liable for the tax. Although it is payable "immediately," he is required to pay it only out of the income he receives. A remainderman is not obliged to pay until he comes into possession, although he may anticipate the payment under Section 3, Art. I, of the Act of 1919 (72 PS §2304).

In this case, we are confronted with a very unusual situation, which presents a tax problem that is not free of difficulty. The tax levied on the life estates, due out of income when received, would amount to $100,419.22. The tax on remainders, due when received, amounts to $178,949.37. The tax on remainders, if it and the tax on the life estates are paid now, is $79,158.25. A saving of $99,791.12 is thereby effected to the remaindermen, and the life tenants are relieved of the payment of $100,419.22, when and as received from income, and the remaindermen of $178,949.37, when entitled to possession.

The appellant contends that while the result reached by the lower court is "just and fair," and that it is to the interest of everybody that the principal should advance the amount of the life tenants' tax and pay it immediately, such action is without legislative authority. The life tenants' income is diminished by the payment of the remaindermen's tax, as the principal is thereby reduced. But, as just stated, the life tenants will not be called upon to make further payments. They are, therefore, not actually harmed, nor are they objecting to this method of paying the tax. The remaindermen are not complaining, and cannot complain; by awarding *immediate* payment of the tax, a saving to their benefit is effected. The lower court well says, in answer to the contention of appellant that the life tenants should pay their own tax of $100,419.12 out of income as received: "There is no merit, however, in his contention, because if it were enforced, the corpus would have to pay an additional

estate tax under the Act of 1929 of exactly the same sum, and unless the tax on the remainder is paid now, this estate tax would be further increased by the sum of tax on the remainder.'' In addition to the life tenants not being prejudiced, and the remaindermen relieved of paying additional tax, the Commonwealth receives a benefit from a tax, which, otherwise, would have gone to the United States government. The purpose of the 1927 statute, as amended in 1929 (72 PS sec. 2303), supra, was to permit the state to take advantage of the payment of taxes equal to 80% of the federal tax whenever possible.

If the contention of the appellant were sustained, the remaindermen would derive all the benefit obtained from the immediate payment of the tax, and the life tenants would get no benefit whatever, but, on the contrary, would be penalized; for they would pay just as much tax as if they paid it out of the income as received, and, in addition, would permanently lose the income—not only on the tax assessable against the life estates, but also on the tax assessed against, and paid for, the estates in remainder.

The rule adopted in this particular case works fairly. No injustice has been done to any of the parties, and no substantial reason has been advanced to disturb the distribution of the learned court below.

Decree is affirmed. Costs of these appeals are to be paid out of the income of the estate.