## Gyger's Estate.　　Eshleman's Appeal.

1. In construing a statute the plain common-sense interpretation of the words should be adhered to, rather than to apply refined technical rules of grammar.

2. The 22d section of Act of March 15th 1832 (Administration), applies not only to the case of a joint administration with a widow, but also where there is no widow or she renounces.

3. "Always" in the act means "in all cases."

4. Punctuation in a statute should not rule.

5. Coverture does not incapacitate for administration; administration should be granted to a feme covert, if she be next of kin.

6. The assent of the husband is necessary to the grant of administration to his wife.

7. The assent will be evidenced by his joining in the administration-bond.

8. If he refuses the register may withhold letters from the wife, unless in case of his absence or incompetency; then a stranger may take his place in the bond.

May 3d 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Appeal from the decree of the Register's Court of *Lancaster county*: No. 94, to May Term 1870. In the grant of administration of the estate of John Gyger, deceased.

[Gyger's Estate.]

The case came before the Register's Court (H. S. Shenck, Register, and Long, P. J., and Hayes, J., of the Court of Common Pleas) upon several caveats against the grant of administration of the estate of John Gyger, who died intestate April 10th 1870. He left to survive him, a daughter Elizabeth G. Eshleman, the wife of Benjamin Eshleman, and Abijah D. Gyger, the only child of a deceased son, John Gyger.

The Register's Court (Hayes, J., delivering the opinion, and Long, P. J., dissenting) granted joint administration to Mrs. Eshleman and Abijah D. Gyger.

Mrs. Eshleman appealed to the Supreme Court, and assigned the decree of the Register's Court for error.

*J. E. Hiester* and *T. E. Franklin*, for appellants.—The first preference is to those in nearest degree : Act of March 15th 1832, § 22, Pamph. L. 140, Purd. 277, pl. 28 ; Hood on Executors 58, 467 ; Stat. Henry VIII., chap. 5 ; Roberts's Dig. 250 ; McLellan's Appeal, 4 Harris 115 ; Williams's Appeal, 7 Barr 259 ; Stoever *v.* Ludwig, 4 S. & R. 201.   The appointment of the administrator is not by the selection of the register : Toller on Executors 87, 89 ; Hood on Executors 65 ; 1 Williams on Executors 366, 371 ; Lee *v.* Sedgwick, 1 Root 52 ; Warwick *v.* Greville, 1 Phillimore 123.   A sole administration is preferred to a joint : 1 Williams on Executors 363, 374, 375 ; Hood 64 ; Toller 89.   Coverture does not incapacitate for administration : Williams 390 ; Hood 67.

*S. H. Reynolds* and *J. Landis* (with whom was *S. H. Price*), for the appellees, cited 1 Williams on Executors 365–373, 377–381 ; Hood on Executors 59 ; Ellmaker's Appeal, 4 Watts 38.

The opinion of the court was delivered, May 12th 1870, by

SHARSWOOD, J.——It is better always to adhere to a plain common-sense interpretation of the words of a statute, than to apply to them refined and technical rules of grammatical construction. An ordinary reader of the twenty-second section of the Act of March 15th 1832, Pamph. L. 140, would not fail to conclude that the preference therein directed to be always given to those of the next of kin entitled to the residue of the personal estate or to a share or shares therein after payment of debts, "who are in the nearest degree of consanguinity with the decedent," applies not only to the case of a joint administration with the widow, but also to cases where there is no widow or she renounces.   There is no punctuation in a statute, which ought to rule : and the act in question, if properly pointed, would leave no doubt on the mind. *Always* was a word used to express something ; and it was entirely superfluous if the clause in which it is found were intended to be confined to the immediate antecedent member of the sentence.   It

is synonymous with *in all cases*. The preference of males to females must come under the same construction, and apply only to the case of a joint administration with the widow, if the argument of the appellee be adopted. The reason of both preferences applies equally in either event. Where the class may be very numerous—children, grandchildren and even great-grandchildren claiming *per stirpes*, not to speak of brothers and sisters and their descendants, it was eminently proper to put some limit upon the discretion of the register. That this is the construction which has heretofore been given to the act is manifest from McClellan's Appeal, 4 Harris 110, and Single's Appeal, 9 P. F. Smith 55. In the former case it was held that the discretion reposed in the register as to granting letters of administration is limited to a selection from those asking the administration: from each class entitled to administer in its order. Mr. Justice Rogers said: "Under the construction given to that act (of 1832), the ordinary or register in this state grants administration of the effects of the husband to the widow or next of kin, or he may grant to either or both at his discretion. If the widow renounces administration, it shall be granted to the children or other next of kin in preference to strangers or even to creditors. The discretion given to the register is limited to a selection from those asking in each class in their order." In Single's Appeal, there being no widow, it was decided that the register was bound to prefer a brother of the half blood to sisters of the whole blood, evidently applying the direction of a preference of males to females, not to the clause immediately antecedent providing for a joint administration, but to the whole section.

Coverture forms no incapacity for the office of administratrix. Therefore if a feme covert be next of kin to the intestate, administration should be granted to her: 1 Williams on Ex. 390; Hood on Ex. 67. No doubt the assent of her husband to the grant to her is necessary, and that will be evidenced by his joining with her in the administration-bonds with two sureties. If he refuses or neglects, the register would be justified in withholding the letters, unless in case of his absence or incompetency, when it seems a stranger may take his place in the bond. This is the construction which has been put upon the English statute 21 Hen. VIII. c. 5, s. 3 (Roberts' Dig. 250), which requires the ordinary to take surety of him or them to whom shall be made commission for the administration: Toller on Ex. 91; Hood on Ex. 67. And see Ellmaker's Estate, 4 Watts 37.

　　　　Decree reversed, and now it is ordered and decreed that the register of Lancaster county do grant letters of administration on the estate of John Gyger, late of the said county, deceased, to Elizabeth G. Eshleman alone.