## Commonwealth *v.* Reimel, Appellant.

*Game laws—Shipment of game—Intra county shipment—Act of April 21, 1915, P. L. 146—Punctuation of statute.*

A person who ships game by parcel post from one place to another in the same county does not violate Section 8 of the Act of April 21, 1915, P. L. 146.

In construing the Act of April 21, 1915, Sec. 8, P. L. 146, the court will not take into consideration the semicolon after the word "Commonwealth," as printed in the Pamphlet Laws.

Punctuation is not conclusive in the construction of a statute.

Argued Dec. 7, 1916. Appeal, No. 229, Oct. T., 1916, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1916, No. 50, affirming judgment of alderman in case of Commonwealth v. N. C. Reimel. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Certiorari to alderman. Before STEWART, P. J.

From the record it appeared that defendant was convicted before Frederick Jones, an alderman of the City of Easton, for violating Section 8 of the Act of 1915, upon his admission that he sent a saddle of venison by parcel post from Portland, in the County of Northampton, to the City of Easton, likewise in the County of Northampton, and was fined one hundred dollars.

*Error assigned* was order affirming judgment of the alderman.

*E. J. Fox,* with him *J. W. Fox,* for appellant.

*R. E. James, Jr.,* Assistant District Attorney, with him *Francis Shunk Brown,* Attorney General; *Horace W. Davis,* Deputy Attorney General, and *Frank P. McCloskey,* District Attorney, for appellee.

OPINION BY WILLIAMS, J., November 19, 1917:

Appellant was convicted of a violation of the eighth section of the Act of April 21, 1915, P. L. 146, which provides, inter alia: "It shall be unlawful for any person in this Commonwealth to ship game of any description by parcel post, or to ship by express, or as freight or baggage, or by common carrier of any description, any bird or animal, or part thereof, commonly known as game, killed in this Commonwealth; or for any common carrier in this Commonwealth to transport game of any kind from one county to another county in this Commonwealth, excepting where such game is accompanied by the owner thereof, or is carried upon the same train with such owner."

At the hearing before the alderman appellant admitted that he sent a saddle of venison by parcel post from Portland, in the County of Northampton, to Easton, in the same county. He contends, however, that the act prohibits intercounty, interstate, and foreign shipments, but does not forbid shipments from one place to another in the same county.

The intent of the legislature was to prevent commercial dealing in game. The likelihood of game being killed and later commercially handled in the same county is so small that no attempt was made to prevent its shipment from one place to another therein. Of what possible benefit would it be to mark on the carcass or package the county in which the game was killed unless it was for the purpose of ascertaining whether it was being shipped out of the county. The game may be carried by the owner wherever he likes, or it may be carried on the same train with him. The provision as to marking of the name of the county where killed presupposes an attempt to ship out of the county. The absurdity of making the shipper within the county a law-breaker and the carrier not, should not be attributed to the Legislature. Without the coöperation of the two parties no offense

could be committed and yet one is a criminal and the other not.

The only reason given by the court below for affirming the judgment of the alderman was that the legislature intended, by the eighth section, to divide the offenders into two classes; (1) the shipper, and (2) the carrier, and this conclusion was reached because of a semicolon after "Commonwealth," in line six of section eight, of the act as printed in the pamphlet laws. With this conclusion we cannot agree. As was said in Com. v. Shopp, 1 Woodward 123, 130: "The marks of punctuation are added subsequently by a clerk or a compositor, and this duty is performed very frequently in an exceedingly capricious and novel way." Punctuation is not conclusive in the construction of a statute: Gyger's Est., 65 Pa. 311; Montgomery's Est., 63 Pa. Superior Ct. 318; and will not be considered when the sense is clear: Com. v. Taylor, 159 Pa. 451.

The appeal is sustained and the record remitted to the court below with direction to reverse the judgment of the alderman.