## Personal Property Tax on Trust Estates

MARGIOTTI, Attorney General, February 25, 1936.—
We have your request to be advised concerning the proper
construction of the phrase "hereafter received" in sec-
tion 3 of the Act of June 22, 1935, P. L. 414, known as
the State Personal Property Tax Act.

The phrase in question occurs in that portion of the
section which exempts property received from non-
residents by resident trustees for the use of nonresident
beneficiaries from the tax of one mill imposed by the
section for State purposes. The exact language in ques-
tion is as follows:

"And provided further, *That the provisions of this
section shall not apply to personal property of the
class hereinabove enumerated, hereafter received* from
any person or persons, copartnership, or unincorporated
association, or company, nonresident in, or not located
within, this Commonwealth, or from any joint-stock com-
pany, or association, limited partnership, bank or cor-
poration formed, erected or incorporated by, under, or

in pursuance of, any law of the United States, or of any state or government, other than this Commonwealth, and not doing business within this Commonwealth, by any person or persons, copartnership, unincorporated association, company, joint-stock company, or association, limited partnership, bank, or corporation as active trustee, agent, attorney-in-fact, or in any other capacity for the use, benefit or advantage of any person or persons, copartnership, or unincorporated association, or company, nonresident in, or not located within, this Commonwealth, or for the use, benefit or advantage of any joint-stock company or association, limited partnership, bank or corporation formed, erected or incorporated by, under, or in pursuance of, any law of the United States or of any state or government, other than this Commonwealth, and not doing business within this Commonwealth." (Italics ours.)

This language is identical with the amendment to the Act of June 17, 1913, P. L. 507, effected by the Act of April 30, 1929, P. L. 871, and was intended to express the policy of the legislature both in 1929 and in 1935 to invite into the Commonwealth money from nonresidents to be held by our banks and trust companies as trustees in this Commonwealth for nonresident beneficiaries.

You inquire whether the tax imposed by the Act of 1935, supra, applies to: (1) Personal property in trust accounts created by nonresidents after the effective date of the act; (2) personal property in trust accounts similarly created prior to the effective date of the act but subsequent to the effective date of the 1929 amendment to the 1913 act; (3) personal property in trust accounts similarly created prior to the effective date of the 1929 amendment to the 1913 act.

We are of the opinion that a construction which would result in an affirmative answer to any of your queries would render the proviso of doubtful constitutionality in that it would create an arbitrary discrimination by attempting a classification of property for taxation not

depending upon any differences in kind but merely upon the date on which the property in question was placed in the hands of the resident trustee.

Article IX, sec. 1, of the Constitution provides, in part:

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws".

It has been held by our courts that this section of the Constitution delegated to the legislature the power to. classify property for the purpose of taxation and that in the exercise of that power the legislature may select any reasonable basis upon which to make the classification, subject always to the limitation that it must not make arbitrary and unjust distinctions: Heisler v. Thomas Colliery Co. et al., 274 Pa. 448.

In Commonwealth v. Girard Life Ins. Co., 305 Pa. 558, 562, the court said:

"Is there such a difference between the entity taxed and the one not levied upon, with relation to the act in respect to which the classification is proposed, as justified the legislature in fixing the classes which it did? If there is, the statutory provision is valid, if not, it is void. As we said in Schoyer v. Comet Oil & Refining Co., 284 Pa. 189, 197, summarizing our own cases and those decided by the Supreme Court of the United States: 'The test of classification is whether it produces diversity in results or lack of uniformity in its operation, either on the given subject of tax or the persons affected as payers. . . . Classification cannot be made arbitrarily . . . [It] must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis . . . nor may any question be raised concerning the right of the Commonwealth to classify properties and their owners for the purpose of taxation.' "

In the present case it is clear, therefore, that the legislature cannot place a tax on property simply because it was received by trustees in Pennsylvania before a certain date and relieve from tax exactly similar property received by trustees in Pennsylvania after that date. This we think is so clear as not to need extended argument. However, in Koch v. The Essex County Board of Taxation, 97 N. J. L. 61, 64, 116 Atl. 328, the Supreme Court of New Jersey held unconstitutional a statute which exempted from taxation for five years certain improvements to real estate. The court held that this classification would depend entirely upon the element of time, was an arbitrary one and violated the constitutional provision requiring uniformity. The court said:

"It would hardly be argued that the legislature could lawfully segregate for the purpose of taxation at a higher rate all dwellings erected within the prescribed period, because for such buildings, being necessary for housing purposes, a higher rent could be obtained, for, manifestly, such classification would be arbitrary. The established rule in this state in classifying property for the purpose of taxation is that each classification must contain all the property which is in the same class, and that is largely determined by its use, but in this case the classification is based upon construction, within a limited period, for use for dwelling purposes, while all other buildings used for such purposes are not within the class."

The suggestion that the tax might apply to property received by resident trustees before a certain date and might not apply to similar property similarly received after that date, we believe results from the punctuation which was inserted in the clause under consideration when it was printed in the official pamphlet laws.

It is to be noted that the same punctuation was adopted in the 1929 act referred to above. The effect of the comma before the word "hereafter" is to suggest that this adverb modifies the verb "received". If this comma were inserted after the word "hereafter", or another

comma inserted in that place, the word "hereafter" would modify the verb "shall not apply" and then the interpretation of the clause would be that the tax did not apply after the effective date of the act to personal property received at any time by resident trustees from nonresidents for the benefit of nonresident beneficiaries. This construction would not in any way violate the constitutional provision. If, however, the adverb "hereafter" is construed to modify the verb "received" we have the unconstitutional result that property in trusts created before the effective date of the act is taxable under the act, whereas similar property in trusts created after the effective date of the act would be relieved from tax.

It is to be presumed that the legislature did not intend to enact an unconstitutional statute.

In Endlich on Interpretation of Statutes, sec. 178, page 246, we find the rule stated as follows:

"Where an unconstitutional effect would be the result of a strict or narrow construction, a broad or liberal one is commanded. Thus, where the constitutionality of an act depends upon the construction of its language in a strict legal meaning, which would have the effect of limiting and destroying, whilst some other, popular acceptation would support, the act, the latter must be adopted."

The two possible constructions of the act which we have described above would be equally obvious if the punctuation of the section were disregarded or altered as we have suggested. On this point Endlich states the rule as follows (sec. 61, page 77):

"It has been repeatedly asserted that punctuation is no part of a statute; that there is no punctuation in it which ought to control its interpretation; that it is not to be regarded in construction; or, at any rate, may be properly disregarded, and that an erroneous punctuation of a statute, in printing it, ought not to be allowed an effect which would lead to an absurdity. *Hence, a comma may be transferred from after a word to before it, to*

*effectuate the obvious intent of the statute; or carried back several words,* in order to prevent the sacrifice of a material and significant word". (Italics ours.)

The courts of this Commonwealth have frequently expressed similar views with regard to the effect of punctuation in a statute. In Commonwealth v. Reimel, 68 Pa. Superior Ct. 240, 242, the court said:

"As was said in Com. v. Shopp, 1 Woodward 123, 130: 'The marks of punctuation are added subsequently by a clerk or a compositor, and this duty is performed very frequently in an exceedingly capricious and novel way.' Punctuation is not conclusive in the construction of a statute: Gyger's Est., 65 Pa. 311; Montgomery's Est., 63 Pa. Superior Ct. 318; and will not be considered when the sense is clear: Com. v. Taylor, 159 Pa. 451."

In Commonwealth v. Martin, 107 Pa. 185, 193, the court said:

"It is no doubt for reasons such as these that it has always been held, since the time when punctuation marks were first introduced, that they have no legal place in a statute, and when inserted by compiler or printer are to be ignored by the courts as an aid to construction."

In Commonwealth, ex rel., v. Taylor et al., 159 Pa. 451, (1894), the lower court held that the title of the Act of February 16, 1883, P. L. 5, violated the Constitution. The Supreme Court pointed out that the supposed defect in the title noted by the lower court was not substantial because it consisted merely in the misplacing of quotation marks. The court then proceeded properly to punctuate the title and held the act to be constitutional.

The analogy between the situation in the case last cited and that under discussion here is obvious.

We are of the opinion, therefore, and so advise you, that a proper construction of the exempting clause in section 3 of the Act of June 22, 1935, P. L. 414, dealing with property in trusts held by resident trustees but created by nonresidents for the benefit of nonresidents, is that the tax imposed by the act shall not apply to any of

the personal property so held after the effective date of the act, regardless of whether such property was received by the trustees before or after the effective date of the act.                    From Frederic Ray, Harrisburg.