Commonwealth, Appellant, *v.* Bienkowski.

Argued September 25, 1939.

476

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, RHODES, and HIRT, JJ.

*Mortimer E. Graham,* District Attorney, with him
*Burton R. Laub,* Assistant District Attorney, for
appellant.

*C. Arthur Blass,* of *Craig & Blass,* for appellee.

OPINION BY RHODES, J., November 17, 1939:

Defendant, holder of a retail restaurant liquor license
issued by the Pennsylvania Liquor Control Board,
entered a plea of nolo contendere to an indictment[1]
charging her with selling liquor intended for consump-
tion off the licensed premises, and the plea was ac-

---

[1] "That one, Wanda Bienkowski, late of said County, matron on
the 6th day of January in the year of our Lord one thousand
nine hundred and thirty-nine with force and arms, at the County
aforesaid and within the jurisdiction of this court, and at divers
other times, as well before as after said date, and within two
years last past, and prior to the taking of this inquisition, then
and there being a License [e] under a Restaurant Liquor License
issued by the Pennsylvania Liquor Control Board for the premises
known as No. 1826 Buffalo Road, in the City of Erie, County
and State aforesaid, did unlawfully sell liquor, to-wit: 1—quart
of Kessler's Whiskey to one Jack Harris, said liquor being in-
tended for consumption off the premises known as No. 1826
Buffalo Road, City of Erie, for which said license was issued."

cepted by the court. By her plea defendant admitted the sale as alleged in the indictment, so far as concerns the proceedings upon the indictment. *Buck v. Commonwealth,* 107 Pa. 486; *Com. ex rel. District Attorney v. Jackson,* 248 Pa. 530, 535, 94 A. 233; *Com. v. Shrope,* 264 Pa. 246, 252, 107 A. 729. But if the facts set forth in the indictment do not constitute an indictable offense, such substantive defect would not be cured by a plea of nolo contendere. *Com. v. Smith (No. 2),* 116 Pa. Superior Ct. 146, 155, 177 A. 73.

Defendant was placed on probation for one year upon condition that she pay the costs.[2] Thereafter her counsel filed a motion to vacate the "sentence"[3] imposed, and to refund to defendant the costs paid by her. A rule to show cause was granted. This rule the court below made absolute upon the ground that the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, Sp. Sess., as reenacted and amended July 18, 1935, P. L. 1246; June 16, 1937, P. L. 1762, 47 PS §744—1 et seq., made no provision or prohibition except by implication for sales of liquor to be consumed off the licensed premises, and therefore, although such a sale might be sufficient reason for the revocation of the license, it did not constitute an indictable offense.

The Commonwealth has appealed, and we are confronted with the question of its right to do so. We think that the order of the court below was like, similar to, or the equivalent of, quashing the indictment or arresting judgment, as the court held that the facts alleged by the Commonwealth in the indictment did not

---

[2] "And the said defendant, Wanda Bienkowski, is at all times during the said period of her probation, to be subject to the custody and control of this Court, and she is to abide by such other and further orders as this Court may direct, and is not to depart the jurisdiction of this Court without permission first obtained so to do."

[3] See *Com. ex rel. Paige v. Smith, Warden,* 130 Pa. Superior Ct. 536, 198 A. 812.

constitute an indictable offense. This was a ruling which is against the Commonwealth on a pure question of law, and no issues of fact are involved. This situation is to be distinguished from that where the Commonwealth, after an acquittal, attempts to base an appeal upon errors committed in the course of the trial. Under such circumstances, an appeal by the Commonwealth does not lie, except in cases of nuisance or forcible entry and detainer, or forcible detainer as provided by the Act of May 19, 1874, P. L. 219, §1, 19 PS §1188. See *Com. v. Kroekel,* 121 Pa. Superior Ct. 423, 183 A. 749; *Com. v. Preston,* 92 Pa. Superior Ct. 159. Mr. Justice SCHAFFER, speaking for the Supreme Court, said, in *Com. v. Simpson,* 310 Pa. 380, at page 383, 165 A. 498, where defendant contended unsuccessfully that the Commonwealth had no right to appeal from an order of the court below overruling its demurrer to a plea of former jeopardy entered by defendant to an indictment for murder: "The criminal law must move forward to meet the new conditions which confront organized society if its law-abiding members are to be protected in their personal and property rights. Whatever the rule may have been in past decades, we think now when there is such wide latitude allowed those convicted of crime to appeal and have their convictions reviewed, there should be a liberalizing of the attitude towards the Commonwealth, where the defendant has been convicted, and the question ruled against the Commonwealth, as here, is purely one of law. This is what we intended when we said in *Com. v. Wallace,* 114 Pa. 405, 411 [6 A. 685], 'For error in quashing an indictment, arresting judgment after verdict of guilty, *and the like,* the Commonwealth may remove the record for review without special allowance of the proper writ.' By the words 'and the like,' we meant cases in which the ruling is against the Commonwealth on pure questions of law. Our determination, therefore, is that the Commonwealth has the

right to appeal. This was the conclusion reached by the Superior Court in *Com. v. Kolsky*, 100 Pa. Superior Ct. 596."

In view of this language we are of the opinion that the present appeal is properly before us, and that the order of the court below may be reviewed by us on this appeal by the Commonwealth.

This brings us to the principal issue which is whether a restaurant licensee who sells liquor for consumption off the premises violates the Pennsylvania Liquor Control Act, supra, and thus commits an indictable offense.

Article 4, §411, of said act, 47 PS §744—411, in so far as it is applicable to the facts of this case, provides as follows: "Every ...... restaurant ...... licensee may sell liquor ...... by the glass, open bottle or other container, and in any mixture for consumption only in that part of the ...... restaurant habitually used for the serving of food to guests or patrons ......"

Counsel for appellee contends that neither this section nor any other section of the Pennsylvania Liquor Control Act, supra, contains a prohibition against the sale of liquor by a restaurant licensee for consumption off the premises. This argument ignores paragraph (1) of section 602 of said act, 47 PS §744—602 (1), which provides: "Except as provided in this act, it shall be unlawful for any person, by himself, or by an employe or agent, to expose or keep for sale, or directly or indirectly or upon any pretense, or upon any device, to sell, or offer to sell, any liquor within this Commonwealth ......" The effect of this portion of paragraph (1) of section 602, supra, is to render the sale of liquor prima facie unlawful, and it ceases to be unlawful only when the sale takes place in some manner authorized by the act. See *Com. v. Williams*, 133 Pa. Superior Ct. 104, 107, 1 A. 2d 812. Consequently, there is no necessity for specific prohibitions with respect to *sales* of liquor, and the licensee commits an offense under the statute whenever he sells or offers to sell liquor under

circumstances not referable to some permission expressly granted therein. This view receives additional support from section 3 (c) of the Pennsylvania Liquor Control Act, supra, 47 PS §744— 3 (c) relating to its interpretation which provides in part: "Except as otherwise expressly provided, the purpose of this act is to prohibit transactions in liquor, alcohol, and malt or brewed beverages which take place in this Commonwealth, except by and under the control of the board, as herein specifically provided, and every section and provision of the act shall be construed accordingly." Paragraph (a) of the same section, 47 PS §744—3(a) provides: "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth, and to prohibit forever the open saloon; and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose." As we said in *Commonwealth v. West Philadelphia Fidelio Mannerchor*, 115 Pa. Superior Ct. 241, at page 245, 175 A. 434, at page 436, the statute "was enacted for the purpose of regulating and restraining the sale of liquor and not for the purpose of promoting it. Such is the expressed purpose as contained in the title and in Section 3 dealing with the interpretation of the act." Section 610 of the Pennsylvania Liquor Control Act, supra, 47 PS §744—610, provides that: "Any person who shall violate any of the provisions of this act shall be guilty of a misdemeanor," and sets forth the penalties to be imposed.

We find no merit in the argument of appellee's counsel to the effect that the word "only" in that part of section 411 above quoted applies to sales of liquor intended to be consumed on the premises and merely limits the place or places where the purchaser may consume the liquor on the premises. The same comment applies to his further contention that said word "only" must be restricted to the clause in which it ap-

pears, namely, "and in any mixture for consumption." We are aware that in the present case we are considering the statute in question in its criminal aspect, and that in so doing we are to be governed by the rule that criminal statutes are to be strictly construed. However, as we said in *Com. v. Gahagan,* 127 Pa. Superior Ct. 425, at page 433, 193 A. 406, at page 409, quoting from *United States v. Giles,* 300 U. S. 41, 48: "The rule, often announced, that criminal statutes must be strictly construed does not require that the words of an enactment be given their narrowest meaning, or that the lawmaker's evident intent be disregarded." The evident intent of section 411 of the Pennsylvania Liquor Control Act, supra, as it appears from the literal meaning of the words employed is to grant permission to a restaurant licensee to sell liquor that is to be consumed in that part of the restaurant habitually used for the serving of food to guests or patrons, and nowhere else. As further evidence of such intention, we refer to article 4, §401, of the Pennsylvania Liquor Control Act, supra, 47 PS §744— 401, which provides: "Subject to the provisions of this act, and regulations promulgated under this act, the board shall have authority to issue a liquor license for any premises kept or operated by a ...... restaurant ...... and specified in the license, entitling the ...... restaurant ...... to purchase liquor from a Pennsylvania Liquor Store, and to keep on the premises such liquor, and subject to the provisions of this act and the regulations made thereunder, to sell the same, and also malt or brewed beverages, to ...... patrons ...... for consumption on the ...... restaurant ...... premises." The following sentence of the same section grants permission for the sale of malt or brewed beverages for consumption off the premises as follows: "Such licensees, other than clubs, shall be permitted to sell malt or brewed beverages for consumption off the premises where sold in quantities of not more than seventy-two fluid ounces in a single sale to one person."

As to the contention that the word "only" applies merely to "and in any mixture for consumption" because of the comma preceding the word "and," it is only necessary to say that punctuation cannot be permitted to defeat the purpose which the legislature clearly sought to accomplish.

Punctuation does not require us to ignore the obvious legislative intent and reach an absurd result. Bills passed by the legislature are not punctuated. As was said in *Com. v. Shopp,* 1 Woodward 123, at page 130: "The marks of punctuation are added subsequently by a clerk or a compositor, and this duty is performed very frequently in an exceedingly capricious and novel way." In *Com. v. Reimel,* 68 Pa. Superior Ct. 240, at page 242, we said: "Punctuation is not conclusive in the construction of a statute: *Gyger's Est.,* 65 Pa. 311; *Montgomery's Est.,* 63 Pa. Superior Ct. 318; and will not be considered when the sense is clear: *Com. v. Taylor,* 159 Pa. 451 [28 A. 348]." Moreover, the Statutory Construction Act of May 28, 1937, P. L. 1019, art. 4, §53, 46 PS §553, provides: "In no case shall the punctuation of a law control or affect the intention of the Legislature in the enactment thereof."

We are all of the opinion that the sale of liquor by defendant, a restaurant licensee, for consumption off the licensed premises as set forth in the indictment, constitutes a violation of the provisions of the Pennsylvania Liquor Control Act, supra, and is an indictable offense punishable as provided in section 610 of that act, 47 PS §744—610.

The order of the court below is reversed, and the order of the court suspending sentence and placing defendant on probation, conditioned upon the payment of costs, is reinstated.