## Midboe v. State Farm Mutual Automobile Insurance Company

*Thomas J. Calnan, Jr.*, and *Stamberg, Caplan & Calnan*, for plaintiff.

*James J. McCabe, Duane Morris & Heckscher, Richard F. Stevens, Jane A. Moffitt*, and *Butz, Hudders & Tallman*, for defendant.

DAVISON, *J.*, January 9, 1978—Plaintiff seeks reformation of the terms of an automobile insurance policy issued by defendant to her pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. (No-fault Act). Specifically, she requests that she be allowed to receive survivor's benefits under the policy by reason of her son's death on December 19, 1976, from injuries sustained in an automobile accident which occurred the day before in Allentown, Pa. The policy is alleged to be at variance with the strictures of the No-fault Act with respect to survivor's benefits; thus, plaintiff seeks conformance of the policy with what she asserts to be controlling law.

The No-fault Act enumerates those persons who are legally entitled to recover as "survivors" of an "insured" (here, plaintiff's son is deemed to be an "insured" under the act since he was a resident in plaintiff's household) in 40 P.S. §1009.103, as follows:

" 'Survivor' means:
"(A) spouse; or

"(B) child, parent, brother, sister or relative dependent upon the deceased for support.

" 'Survivor's loss' means:

"(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and

"(B) expenses reasonably incurred by a survivor or survivors, after a victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for their benefit, if he had not sustained the fatal injury . . ."

The policy defines "survivor" as follows:

" 'Survivor' means:

"(1) a spouse,

"(2) a child, parent, brother, sister or relative who was dependent on the *insured* at the time of the *insured's* death." (Emphasis in original.)

Plaintiff quarrels with the above definition of "survivor" arguing that it unduly restricts the class of relations entitled to recover to only those dependent on the deceased for support using as the sole yardstick the time of death.

Plaintiff concedes that she is not entitled to recover under the existing contract of insurance but maintains that proof of her son's probable financial contribution to her in future years, had he lived, necessarily entitles her to the policy proceeds regardless of whether she was a dependent of her son while he lived. We are not at all persuaded by this contention since if the legislative so intended it could have so specified.

She further contends that the words of qualification contained in the definition of "survivor" following the word "relative" refer only to that word and not to the other antecedents such as child, parent, brother or sister.

Defendant, on the other hand, submits that its definition of "survivor" is in accord with both the No-fault Act as well as relevant interpretations of the Insurance Commissioner (commissioner) made pursuant to the Act of May 17, 1921, P.L. 682, 40 P.S. §477(b) as amended, and the Act of July 19, 1974, 40 P.S. §1009.209(b), which inter alia invest in the commissioner the authority to regulate and set guidelines for the approval of rates and forms. In this regard, defendant points out that the commissioner has further clarified the statute's definition of "survivor" as follows:

"D. 'Survivor' The definition of survivor is clarified as being:

"(a) spouse, or

"(b) any of the following dependent upon the deceased for his or her support at the time of death: child, parent, brother, sister or relative." 5 Pa. Bull. 240 (1975); 31 Pa. Code §66.1.

Our research indicates that the commissioner has also promulgated the following regulatory definition of "survivor" for use as a mandatory term in all endorsements used to modify existing automobile policies to comply with the No-fault Act's basic loss benefits sections: "(a) a spouse, or (b) any [one] of the following dependent upon the deceased for support at the time of death of the eligible person resulting from bodily injury; child, parent, brother, sister or relative." 31 Pa. Code §66.2(A).

In determining the result in this case, we begin

with the proposition relied upon by plaintiff that ". . . all phrases and sentences are to be construed according to the rules of grammar; and these 're-quire as a general thing, a limiting clause or phrase, following several expressions to which it might be applicable, to be restrained to the last antecedent.'" Buntz v. General Am. Life Ins. Co., 136 Pa. Superior Ct. 284, 289, 7 A. 2d 93 (1939); 1 Pa.C.S.A. §1903(a). However, this rule has been rigidly applied only in cases where the limiting clause or phrase could neither logically nor reasonably refer to more than one of the antecedents in the same sentence or paragraph and, in our view, it is inappropriate to extend its application here. See Buntz, supra; Turnpike Rd. Co. v. Montgomery Co., 228 Pa. 1, 6, 76 Atl. 726, 727 (1910). Indeed, the maxim of construction reddendo singula singulis, that is, referring each phrase to its appropriate object, supports our interpretation in this case.

Then too, we do not lightly disregard the principle that the construction accorded an insurance statute by the commissioner, though not conclusive in itself, is entitled to considerable weight in construing a contract of which it becomes a part: Masland v. Bachman, 473 Pa. 280, 374 A. 2d 517 (1977); Walburn v. Nationwide Mutual Ins. Co., 98 Dauph. 166 (1976); Couch on Insurance 2d §15:54 (1959). Since the Pennsylvania Insurance Commissioner has construed the statute's definition of "survivor" by way of clarification in favor of defendant's position, it remains only to decide whether the commissioner's regulatory pronouncement runs contrary to the rules of grammar which, according to the principles of statutory construction govern our inquiry.

We conclude that the proposition restricting the

qualifying words to the last antecedent does not apply here where the phrase follows several words to which it might be equally applicable since to do so would be unreasonable and not in conformity with the legislation: Crawford, The Construction of Statutes §193 (1940). This has long been the rule of construction in Pennsylvania. See, e.g., Gyger's Est., 65 Pa. 311, 312 (1870); Fisher v. Connard, 100 Pa. 63, 68-69 (1882). Moreover, the interpretation urged on us by plaintiff would yield a result that seems highly unreasonable and discriminates between different classes of dependents solely on the basis of the proximity of relationship to the decedent rather than compensating them all for losses actually sustained. Had the legislature intended the result plaintiff argues, it could have simply included "child, parent, brother, sister" in subcategory (A) along with "spouse," or by revising (B) to read "child, parent, brother, sister or *dependent relative.*" It did not do so; thus, it seems only logical to conclude that the sole distinction intended is between a spouse, on the one hand, and all the relationships in (B) on the other, with the eligibility of each of the latter being conditioned upon a prior showing of dependency.

The No-fault Act seemingly was intended to serve as a comprehensive and uniform scheme designed to keep automobile insurance within the average person's purchasing power while at the same time making adequate, fair and prompt indemnification to those who actually suffer loss. See 40 P.S. §1009.102(b). This goal would be subverted were we to enlarge the class of survivors to include those who might never have been dependents of decedent or benefited financially from the decedent

had he lived. Rather, we read the definition of "survivor" in the act to require actual dependency at the time of death and find the commissioner's interpretation follows from the natural meaning of the act.

For all of the foregoing reasons, we hold that plaintiff is not entitled to the relief sought. We need not reach and do not resolve the procedural issues raised with respect to the propriety of a class action in this case.

## ORDER

Now, January 9, 1978, for the reasons set forth in the accompanying opinion, it is ordered that defendant's preliminary objections in the nature of a demurrer be and the same are hereby sustained, and judgment is entered in favor of defendant, State Farm Mutual Automobile Insurance Company.