97 *N. J. L.*        Koch v. Essex County Board of Taxation.

---

JULIUS KOCH, RELATOR, v. THE ESSEX COUNTY BOARD OF TAXATION, RESPONDENT.

Argued February 21, 1922—Decided March 1, 1922.

The act entitled "An act to exempt from taxation for five years certain improvements to real estate" (*Pamph. L.* 1920, *p.* 1068) is special in character, creating an arbitrary classification of property to be exempted from taxation, and does not conform to the constitutional provision that all property shall be assessed for taxation under general laws and by uniform rules, according to its true value, and is therefore an unconstitutional statute.

On rule to show cause why *mandamus* should not issue.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the relator, *Herbert Boggs.*

For the respondent, *Arthur T. Vanderbilt.*

The opinion of the court was delivered by

BERGEN, J.  The relator holds a rule ordering the respondent to show cause before the Supreme Court why a writ of *mandamus* should not issue commanding the respondent, the Essex county board of taxation, to proceed forthwith to value and assess in the several taxing districts in the county of Essex all improvements to real estate for dwelling purposes erected since October 1st, 1920, and to revise and correct the tax list and duplicates of the several districts by placing thereon and therein all such property in the several taxing districts as valued and assessed.  The respondent admits that the relator is a proper person to prosecute the writ.

The General Tax act provides that the assessor shall enter in a separate list a description of all real property exempt from taxation, with the name of the owner, and shall value the same at the true value as other real property, and shall state the ground of exemption.  That has been done in this case, so that if the relator is entitled to his writ the property which the respondent has listed as exempt under the statute of 1920 (*Pamph. L., p.* 1068) can readily be included in the list of ratables of the county.  The only question submitted for decision is whether the exemption of improvements to real estate, as provided in the act of 1920, is or is not a violation of the constitution of the state, which provides (article 4, section 7, paragraph 12), "Property shall be assessed for taxation under general laws and by uniform rules, according to its true value," or of the provision of the constitution (article 4, section 7, paragraph 11), "The legislature shall not pass private, local or special laws * * * granting to any corporation, association or individual any exclusive privilege, immunity or franchise whatever."

The statute, after a preamble reciting that the cessation of building during the great war had created a shortage of dwelling-houses throughout the state, and that conditions resulting therefrom have seriously affected and endangered the public welfare, health and morals, and that on account of the

high cost of construction private capital has been unwilling to undertake the construction of dwelling-houses sufficient to meet the public emergency, and that it is deemed necessary to encourage the investment of private capital in the construction of dwelling-houses during such emergency, and that the proposed statute will not in any way reduce the amount of returns receivable from present ratables through the state, and will eventually result in a greatly increased volume of ratables, then enacted, "no tax shall be levied, assessed or collected for a period of five years from October first, nineteen hundred and twenty, on any improvements to real estate which may be erected between October first, nineteen hundred and twenty, and October first, nineteen hundred and twenty-two, for dwelling purposes; provided, that if, during said five years, improvements for dwelling purposes, greater in value than the existing improvements shall be placed upon any real estate, the amount of assessments on said improvements shall in no case, except that of damage through action of the elements, sufficient to warrant a reduction, be less than the assessment for improvements thereon existing at the date of the passage of this act." The act was approved September 17th, 1920. Under this statute the respondents refuse to include in the ratables for taxation the value of all improvements to real estate, for dwelling purposes, erected between October 1st, 1920, and October 1st, 1922. The effect thus given to the statute by the respondent is to exempt from taxation all improvements to real estate created during the years 1920 and 1922, beginning October 1st and ending October 1st in the respective years.

The argument of the relator is that this is not a proper classification sufficient to comply with the constitutional requirements, in that it does not include all of a class—that is, all buildings used for dwelling purposes, but only exempts from taxation such buildings as are of that kind erected during the prescribed period. A considerable portion of the argument of the respondent is based upon an asserted right

of the state to exempt property from taxation. That claim may be granted for the purpose of the argument, and under it the legislature would have the power to exempt from taxation all buildings erected or used for dwelling purposes, but the difficulty with the situation is that the statute does not exempt all buildings erected for dwelling purposes but such buildings as may be erected within the given period, so that a building completed on the last day of September, 1920, although erected for dwelling purposes, would not be exempted, while another dwelling finished on the last day of September, 1922, would be exempted from the payment of taxes for the balance of the five years provided by the statute. We think this classification is arbitrary and amounts to special legislation in violation of the constitutional prohibition. It would hardly be argued that the legislature could lawfully segregate for the purpose of taxation at a higher rate all dwellings erected within the prescribed period, because for such buildings, being necessary for housing purposes, a higher rent could be obtained, for, manifestly, such classification would be arbitrary. The established rule in this state in classifying property for the purpose of taxation is that each classification must contain all the property which is in the same class, and that is largely determined by its use, but in this case the classification is based upon construction, within a limited period, for use for dwelling purposes, while all other buildings used for such purposes are not within the class. Chief Justice Gummere, in speaking for the Court of Errors and Appeals in *Central Railroad Co.* v. *State Board of Assessors, 75 N. J. L.* 771, 786, said: "The fundamental proposition underlying the decision in the 19th *Vroom* case is that the property used for railroad or canal purposes constitutes a class for taxation by reason of its use, and that a tax law, which is operative upon the whole mass of the property so used, is a general law. Bearing in mind the oft-repeated declaration of this court that a law, to be general, must operate equally upon all of a group of objects which, having regard to the purpose of the

legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves, and also remembering that the characteristic which constitutes property used for railroad or canal purposes a class for the purpose of taxation is the use to which it is put, it seems impossible to resist the conclusion that a law which does not embrace in its operation all property so used is special, not general, legislation." In the statute under consideration the exemption is based upon the use to which the exempted property is to be put, namely, for dwelling purposes, and when the legislature undertakes to fix a classification based upon use of the exempted property, it must include all property put to the same use. The reason stated in the preamble that the object of the act was to induce the investment of funds in the building of dwelling-houses does not relate to the use but rather to the status of the person making the investment, and, clearly, classified exemption based upon the status of the owner has no constitutional authority.

The respondent, however, argued that the legislature has the right not only to classify but to sub-classify the objects of property to be exempted from taxation. This, we think, was clearly disapproved in *Central Railroad Co.* v. *State Board of Taxation, supra.* For in that case it was argued in support of the statute "that the original act not only segregated for taxation property used for railroad or canal purposes, but, after doing so, distributed it into arbitrary parts or sub-classes, and dealt with these sub-classes as independent objects of taxation." In disposing of this the Chief Justice said: "The decision of this court in the Central Railroad Co. case affords no support to the contention that the legislature may separate railroad and canal property, and arbitrarily designate distinct parcels, and separately tax such parcels by different methods, at different rates and for different purposes."

The respondent also argues that the essential ground of the classification is that the legislature believed that an exemption of all dwellings erected within the two years from

October 1st, 1920, would relieve a pressing emergency. But a pressing emergency is no ground for violation of a constitutional provision, otherwise the legislature might constantly violate the constitution upon the ground of some emergency, as an exercise of police power, but the exercise of such power, if it exists, must be within the constitutional limit. The respondent also relies upon the preamble to the act as indicating what the legislature intended, but the intent of the legislature must be drawn from the statute, and reference is only made to the preamble where the intent is doubtful or ambiguous, but no such reference is necessary to interpret this statute, and the preamble is nothing more than an argument in favor of the adoption of the act and not of its constitutionality.

We are of opinion that when the legislature undertakes to classify property for the purpose of exemption from the payment of taxes, it must include in that classification all property of like character which is subject to the same use, and that a classification which includes only improvements made to real estate created within a limited period, leaving all other property of like character and for the same use subject to taxation, is illusory and arbitrary. It is special in its character and does not impose taxes under general laws, and by uniform rules, according to its true value, as required by the constitution. Our conclusion is that the act is in violation of the constitutional provision relating to the assessment of taxes, and also contrary to its provision relating to special acts, and, therefore, the relator is entitled to his writ commanding the Essex county board of taxation to add to the ratables of that county all property which it is attempted to be exempted from taxation by the law under consideration. As there are no disputed facts a peremptory writ will go.